On Rehearing.
AYRES/ Judge.
For the purpose of re-examination of the question as to whether or not defendant is entitled to the opportunity to establish, if he can, redhibitory vices in the car purchased by him as against plaintiff’s action on the purchase price note, a rehearing was granted. This defense was not particularly urged or stressed before us on the original trial, at least, not effectively. The trial court was of the opinion the evidence in the record sufficiently sustained that defense; with this, however, we disagreed and reversed the judgment in defendant’s favor and rendered judgment in favor of plaintiff. We particularly pointed 'out in our original opinion the lack of evidence supporting defendant’s position.
Defendant, however, has pointed out that on at least three occasions,' and with. ai many witnesses, he endeavored to establish redhibitory vices in the car purchased by *133 him but that obj ections were' made and sustained to the introduction of Jhe testimony offered. In addition, defendant contends in his motion for rehearing that other witnesses were available* to establish his defense. Should these additional- witnesses have been offered, the presumption is that the same objections would have been made and the rulings of the court would have been consistent in excluding their testimony.
We were, therefore, in error in pronouncing judgment against defendant without affording him an opportunity to establish his defense. ’ .
For the reasons herein assigned, the judgment appealed is annulled, avoided, reversed and set aside and this cause is now remanded to the district court for a new trial in accordance with law and consistent with the views herein expressed.
Plaintiffs shall pay the costs of this appeal; all other costs'are to await final judgment.
Reversed and remanded.